Transcribed by https://otter.ai You may proceed Miss Kiernan Thank you, Your Honor. I may please the court Mr. Davis timely filed this suit 28 days after prosecutors dropped his felony charge for destroying evidence by swallowing a controlled substance The district court made two key errors and dismissing as untimely claims related to that charge First it applied the wrong timing rules as the Supreme Court explained in McDonough Claims challenging a formal charge don't accrue until that charge is favorably terminated So mr. Davis's claims related to the felony evidence destruction charge didn't accrue until the state dropped it Second the district court wrongly concluded that the dropped felony charge didn't terminate and mr. Davis's favor in Thompson the court held that a charge terminates favorably when it ends without a conviction and That's what happened here The fact that mr. Davis pleaded to a different charge under a different statute with different elements based on different conduct Walking two steps away from an officer Doesn't affect whether the evidence destruction charge ended in his favor. The Supreme Court was clear in shivering Claims like these must be evaluated charge by charge Because there's no dispute that the charge of evidence destruction Ended without conviction the court should vacate the dismissals of claims related to that charge and remand for further proceedings I welcome the court's questions So can you walk us through? Each claim and when you think it accrued Yes, your honor. So mr. Davis initially brought some excessive force and arrest claims The false arrest false arrest Yes Excessive force and false arrest claims and he is no longer challenging those claims on appeal because they did accrue at the time that he Excessive and false arrest are gone. Yes, excessive force and false arrest are gone and you and you acknowledge that. Yes, your honor however, his claims related to Once he was indicted and under legal process all of those claims They couldn't accrue under McDonough until he received a favorable termination and which are those client Can you specifically articulate what those particular claims are so we can know what they are? Yes, your honor So there's a claim there's claims under the Fourth Amendment for fabricated evidence. There's claims under the Fourth Amendment for seizure without probable cause Claims under the Fourth Amendment for search without probable cause There's likely also 14th Amendment claims here for violation of due process and malicious prosecution, of course Okay, and so under McDonough none of those claims could accrue until The felony evidence charge was dropped. What do we do about the part problem that Davis is NOLO contendere agreement? Unlike some NOLO agreements actually included a confession That he acted with criminal negligence and interrupted a peace officer during the consensual search of his vehicle So that confession is actually very crucial if you look at it He only confessed to a specific factual predicate walking two steps away from an officer during a search What he's challenging here is whether or not he is whether or not the charge of felony evidence Tampering by swallowing a controlled substance He's challenging that validity of that charge nothing about these two charges, this is basically the easy case there's no overlap in the factual predicate and so there's no chance of undermining his conviction of the Charge of walking two steps away from an officer Is is it possible that mr. Davis has forfeited his fabrication of evidence claim because it wasn't actually pleaded No, your honor in these kinds of cases I think it's important to take a step back and remember what the procedural posture is here. Mr. Davis Filed this claim in the IFP in form of papyrus procedure. He filed it pro se He did ask for counsel below at one point and was denied that counsel So in these kinds of situations on the Supreme Court in Erickson this court in Hale, Hitt, Lowry, Olson and Ricks encourages the district court and the magistrate judges to really Construe these claims broadly work with the petitioner to see if they have any valid claims and I do think by the end of the Proceedings below he was addressing directly that he was saying very clearly the prosecution team quote sought out to maliciously Prosecute this plaintiff with fabricated evidence. That's ROA 58 He also says police and prosecution fabricated evidence and maliciously prosecuted this plaintiff So by the end of these proceedings, it should have been very clear to everybody that he was bringing a fabricated evidence Okay, and he raised facts on every element of fabricated evidence I think he suggests them all in the case But that's not what the district court Dismissed on the district courts dismissal was a very narrow reason of these types of claims It was very specifically on the time limitations So these are all things that can be addressed on a remand with a new complaint with the benefit of counsel But it's not the basis for the district court's decision Can You point in your complaint where you Distinctly Plead a standalone fabrication of evidence claim rather than just malicious prosecution, but a Standalone fabrication claim. So again, if you're construing his complaint Liberally as we're supposed to do with pro se complaints I do think when he very specifically says at ROA 58 that police and prosecution fabricated evidence I do think that is a standalone claim. He again says it later He says the prosecution team sought out to maliciously prosecute this plaintiff with fabricated evidence So he is raising those claims and also at ROA 16. He very specifically says he's raising Fourth Amendment claims We don't expect We don't hold pro se petitioners to quite as high of a standard to be as clear I do think on the face of this complaint and by the end of these proceedings It was very clear that he was making out Fourth Amendment malicious prosecution for Is your response the same as to the post indictment? release conditions So your honor, I'm not understanding the question Well, where did you present those as a separate did you present those as a separate Fourth Amendment theory in the district court? in terms of That he Oh Without probable cause that way I think that is also another claim and he again broadly alleged Fourth Amendment claims And I think once you review his factual predicates These are all the claims that even the district court itself and the Madison Street judge at periods Identifies it very specifically identifying malicious prosecution and notes. I think Fourth Amendment it notes I'm unjust attention. I believe at one point So I think these are all very self-evident on the face of the complaint Especially when we're looking at it from a pro se petitioners angle If the court has no further questions, I'm happy to yield the remainder of my time You have anything Thank you very much. Mr. Thank you. Your honor. You've saved time for a rebuttal Mr. Dullehy Dullehy I Please the court counsel My colleague Robert Davis is going to present the argument on qualified immunity I'm going to present the argument on heck and the statute limitations If heck excuse me if heck tolling doesn't apply the statute of limitations bars their claims if heck tolling applies Heck bars their claims Either way their claims are barred The court asked well, when did these claims first accrue and Originally, they sued for unlawful arrest unlawful detention excessive force claims Those claims have now been sort of I Think they can see those are untimely don't think right But I heard her mention a bunch of other constitutional violations that I heard for the first time that somehow Relate to his original arrest and I may have misunderstood what she was saying but They would likewise have accrued at the time of the arrest and would not be told At all until there was a conviction Some sort of seizure and search and 14th Amendment claims. Is that what you're talking about? Yes That's what she was referring to earlier Those would have arisen all at the same time as the other original claims would as to the fabrication of evidence Claim, you know, it would have accrued when that fabricated evidence was first used and I know that in McDonough versus Smith the Supreme Court case the plaintiff alleged that the prosecutor used fabricated evidence to get an indictment for election fraud and the court adopted the heck principles likewise for the fabricate fabricated evidence claim so again If heck applies the bar applies if Heck doesn't apply the statute of limitations bars the claim You don't get tolling without the heck bar under heck is No bar, no tolling The fundamental argument they make which I think is wrong. Is that somehow the charge for the original offense Suspended the running of the statute of limitations on all these claims and this court and the Supreme Court those courts have never held that a mere charge suspends and And causes the running of the Suspense of tolling of statute of limitations on any claim. It has to be a conviction What what do you say? to the extent that the search and seizure theory is Not at the time of the arrest, but it's instead Conditions of pretrial release Like drug testing and that sort of thing that would affect the accrual, but it wouldn't affect the heck mark can you talk about the heck bar in that context of the drug testing and Sure possessions of firearms and alcohol on that sort of thing, correct? I think the heck bar To hurdles test would apply in that situation That was articulated in in Sampy versus Rab first the factual basis in Davis's 1983 complaint have to be temporarily excuse me temporarily and conceptually distinct from the factual base basis for his conviction for interference with officers duties And if the facts are closely interrelated the 1983 claim would necessarily imply the inbuilt invalidity of the arrest and conviction and Second the second hurdle is the facts alleged in his 1983 complaint Must not contradict the facts actually are necessarily adjudicated adversely against him How does it contradict in this case if those are the claims we're talking about because the only reason he's being Subject to these Requirements is the underlying conviction and guilty plea that the dependency of the Of the criminal case and so once the conviction occurred all these pretrial conditions then Relate under these two hurdles to his conviction and so that conviction then under heck would bar any complaint About those again like fabricated evidence, which they didn't raise in the court below Like fabricated evidence it changed. It's a different accrual date But the heck bar is the same either way. What's the prosecution? The accrual is when he's actually, you know prosecuted are the cases are dismissed, but even when all the Charges were are dismissed You know like I think it was one of the Supreme Court cases Where Ultimately he was acquitted. It was the election fraud case the the Plaintiff was acquitted of the criminal charge, so there was no pending conviction against him The the court said that the accrual Of the statute of limitations on his claim Continued and the fact that he would necessarily implicate the proceedings by virtue of his 1983 action. Let me find that case right quick and I'll give you the specific That Was McDonough versus Smith And that was not I want to correct myself That was fabricated evidence, but the use of it first occurred during the trial and didn't apply Because he was acquitted and he was acquitted of the accounting the forged ballots in the election Can you address Your friend on the other side said that Evidence tampering was Discussed in the underlying pleadings at ROA 58. Can you address that? I don't have it here in front of me. I don't recall it being specifically addressed But even if it was addressed the evidence tampering by the officers Would not survive the heck two hurdles because of how closely it is related to the Factual basis of the criminal proceeding In fact in the McDonough Case I just mentioned that involved the fabricated evidence The plaintiff argued that the state could have convicted him without using the fabric fabricated evidence and He could have been convicted without the evidence coming into play even though he was not he was acquitted and the Supreme Court said well That sort of theoretical possibility For example here that there was some sort of tainting of the evidence and that impacted his conviction That still doesn't overcome heck. I mean the Supreme Court has been I think very reluctant to carve out exceptions to the heck bar for dissimilar factual situations just as this court was in the recent case of of Shaw Versus Gillen which I think Justice Wilson was on the panel of not cited in the briefs was decided last month But in that case the plaintiff was arrested for public intoxication. So I'm sorry is that in your brief? It's not I apologize. Did you send it as a 28 J? I didn't have an opportunity to do that. I didn't see it until yesterday Did you tell your friend on the other side you're going to bring up a new case today? I apologize I okay well you can have within three business days to send a 28 J properly identifying the case and Then opposing counsel can have seven days following to identify any other authority that would be happy to do that Okay. Thank you. It's really just an illustration of the two hurdles test and that you can't Somehow separate aspects of The 1983 complaint from the basic Facts of the 1983 case when Between the conviction and the 1983 and they're based on the same Episode and they're based on the same encounter with the police The only time this court has allowed that I think was I Recall was in Ballard versus Burton And I'm not sure I didn't cite it. I'm not sure they cited it, but it has to be a situation where You're it's so factually separable that it's not going to impact what happened in the case. For example, if if I were If the plaintiff is actually complaining there are two officers involved in the arrest and only one officer Was assaulted and the other was not assaulted and It happened on a different interaction than the date of the arrest. It was a separate incident Then you know heck probably wouldn't apply in that situation because they're separate. They're not so factually interconnected Do you believe this was? Do you have You your time is expired. So you need to wrap it up. Okay. Thank you. Thank you Thank you very much Mr. Mr. Davis May please the court counsel The honors, I think mr. Dalai did a great job on heck and its progeny So I'll shift into what primarily applies to the defendants that I represent For the county judge of Smith County to County Commissioners of Smith County Smith County Sheriff and the district attorney Jacob Putnam Your honor. I think it's first most important to point out that there is no underlying Constitutional duty to investigate a complaint that somebody brings to me and I cite a page and a half of Citations from this court and from every district in the state of Texas that holds the exact same thing A County judge also has absolute immunity from being sued as does a district attorney acting in his prosecutorial function as do County Commissioners acting in their legislative capacity Your honor I'd like to first address The district attorney's specific immunity in this case and then go on to what I consider to be The simpler claims involving the sheriff the judge and the two County Commissioners Like I stated there is absolutely No duty to independently investigate a claim made by somebody What the district attorney does is he takes in the evidence that's submitted by various investigative agencies in his jurisdiction He reviews that information and if he decides that the information supports Taking it to a grand jury for indictment he can do so and he did so in this case and the grand jury indicted this gentleman and Also found that there were two underlying charges that also enhanced this very similar charges Based on drug use and drug possession So the grand jury indicted This criminal case was around for a while and ultimately Your honors he accepted a lesser plea The danger that I see in this case is your honor I think is really extreme Because this is what we're facing These things all occurred in the exact same criminal episode Okay The lesser included charges that he was charged with and pled to admitted to stipulated to swore to was convicted of and was sentenced for all involved the exact same instance the exact same the exact same timing of what occurred out there on the side of the road and What the plaintiff is asking the court to do in this case your honor Is to state that whenever a criminal defendant enters into a plea agreement admits his culpability swears to the underlying criminal acts Stipulates to the underlying criminal acts is convicted of the offense even if it's a lesser included offense That he should be able to sue the people that arrested him the district attorney The sheriff of the county all who had no part in this episode Two county commissioners who have no part in this episode The sheriff if he wanted to could not investigate the Tyler Police Department for this alleged civil violation Neither could the county judge in his capacity as a judicial officer He was very nice to meet with this gentleman and talk to him as were the two commissioners But they have no power and they have no duty To investigate any of this so the district court dismissed this without prejudice right or with prejudice Yes, sir, so should it have been without prejudice I mean did the Plaintiff get to plead his best case Yes, your honor. I think so and looking back over the pleadings the court told him Exactly what he needed to do he amended one time, right? One time your honor. Okay, but is that enough? I mean in other words even if we agree with you that the claims were properly dismissed should the plaintiff have been able to replead not when not when any pleading that he could make would be futile your honor and that really goes into my next point and So I'm really glad the court raised raised it at this at this point And I might be able to have a little a little more time to argue it if I can But amendment in this case is futile against all of my defense The there's no allegation that the prosecutor did anything outside his absolute judicial immunity He took the case in he took it to a grand jury and he prosecuted And your honor from his standpoint He's an agent of the state He has an absolute Absolute immunity for charging and deciding to charge somebody with a criminal offense And that's set out very well in Buckley v. Fitzsimmons and Weary v. Fester It's set out throughout the the judiciary Process of the Fifth Circuit and it goes back to English common law It's not any type of new immunity your honor. The district attorney also your honor Has an absolute immunity for advocacy functions He can advocate all that he wants He has an absolute judicial immunity for accepting and sentencing someone to a lesser plea If prosecutors didn't have that ability if they did not have the ability to let somebody off Who had been convicted previously of criminal offenses, but not in a while If they don't have that ability our entire criminal justice system will gum up So the message here to prosecutors and everybody in law enforcement is Charge them with the highest offense prosecute them for the highest offense convict them of the highest offense and never let them get away with an underlying lesser violation because then you're going to be sued for bringing the higher claim and That would absolutely destroy our court system Qualified immunity for the sheriff the county judge and the commissioners I don't know if this man was trying to talk to the county judge in his judicial capacity or his Legislative capacity as a county judge Either way the judge would be entitled to absolute immunity or qualified immunity for his claims There's no duty to investigate that the county judge has. The sheriff is the exact same The sheriff in the state of Texas cannot investigate other law enforcement agencies, that's the role of TCOR and Texas Department of Criminal Justice your honor under the DPS None of these individuals had a duty To investigate none of them should have investigated none of them have the power to investigate But most importantly there's no cause of action for a failure to investigate His claims have gone so far as to the county judge and the county commissioners I'm surprised that the federal court judges and Tyler didn't get Attempts to visit them in which case he could have sued them as well, and it's probably also fortunate. He doesn't live in New Orleans Thank you. If any questions. I'll be happy to answer. I think we have your argument. Thank you. Thank you very much your honor. Ms. Kiernan you've saved time for rebuttal. Thank you your honor. I may have pleased the court just a few brief points So as initial matter the district court's decision below was very narrow it held that Mr. Davis's claims were untimely across the board and that there was no favorable determination because of a guilty plea to a different charge I didn't hear my friends on the other side disagree that the felony evidence tampering charge was dismissed So that that charge under Thompson and Ciavarini That charge is favorably terminated And that means that his claims didn't accrue for the second reason that you judge Albright brought up Because his claims that we're still pursuing are all about his post-legal process once he was indicted So I think it's important to take a step back and remember that Fourth Amendment claims can arise at various points of the proceedings So yes, he would have had a Fourth Amendment claim for example At the time of the arrest when for the night that he spent in jail We can see that those run timely and we're not pressing them on appeal But as judge already you pointed out there were other seizures and searches that occurred once he was indicted For example, he had to report monthly for drug testing The record suggests that there was more there was additional nights spent in jail post indictment But what about the idea that those were not favorably terminated? I don't I didn't actually hear my friend on the other side suggest they weren't favorably terminated I heard him say that heck applies because there was a guilty plea to an entirely different charge So I think that well, but that's how plea agreements work I mean in other words You're gonna open up every plea agreement every guilty plea to count one because we drop count two and three that that prisoner Convicted under an agreement can then challenge this exact bring this exact set of claims to counts two and three I mean in other words that just ignores reality of most criminal prosecutions and convictions Not at all doesn't it not at all your honor There are plenty of guardrails in place here that will still protect the agreements It's just not the favorable termination element if he didn't if he wasn't convicted of the charge upon which he but again If they agreed to drop the can drop the charge for in exchange for his plea Even if it was a no-no, I mean, how can you say that's a favorable termination because Thompson was clear if the charge was dropped Or and there was no conviction. That's not favorable termination But again, heck then comes into play to do a lot of work in the plea agreement process and the mine run of cases most of those Claims the ones that are really lesser included which is the wrong way to be thinking about this because first off This isn't a lesser included charge in the mine run of cases Those lesser included charges are probably gonna cause a heck issue. That's just simply not the case here I heard that this is gonna undermine the factual predicate to which my client pled guilty Not at all The only thing he pled guilty to the only factual predicate and this is in the record particularly at exhibit six of our motion for judicial notice which this court granted he pled guilty to There with criminal negligence interrupt a peace officer by walking two steps away from the police officer While the officer was performing a duty granted by law Mr. Davis is challenging a clint the original indictment which was about whether or not he intentionally and knowingly destroyed and concealed a suspected controlled substance a Jury finding that mr. Davis did not swallow any cocaine not swallow any controlled out Substance did not conceal or destroy any controlled substance will do nothing to undermine the conviction for walking two steps away from an officer So there's simply no heck bar here and again Applying faithfully Thompson to the favorable termination element will not undermine the plea bargaining process. They will still have heck It's just not at issue here because this is honestly the very easy case where we have two separate charges It will there's also as you said judge Wilson. This is a plea bargain. This is really a contract how that the circuit interprets it Prosecutors can bargain for the right not to have a civil suit going forward. There's also probable cause as in Chevron II there's the causation element as in Chevron II. There's multiple guardrails in place here to protect the plea bargaining process For these reasons we ask the court reverse the district courts dismissal with prejudice and Remand for further proceedings Thank you. Thank you your honor. We have your argument. We appreciate all the arguments in this case And the case is submitted and we note in this Kiernan as part of the pro bono program And thank you very much for your service to the court. Thank you